UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-　　　　　　　　　　　　　　　　ORDER

TERELL LUCAS,　　　　　　　　　　　　　　11-CR-629-08 (CS)

        Defendant.
-------------------------------------------------------x

Seibel, J.

    Before the Court is Defendant Terell Lucas's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 453), and the Government's opposition thereto, (Doc. 455). [1]

    Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above. But "[n]either Application Note 1(D), nor anything else in the now-outdated

---

[1] The Government shall provide to chambers, for filing under seal, an unredacted hard copy of its opposition and exhibits.

version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

On November 12, 2012, Defendant was sentenced principally to ten years' imprisonment on his conviction for narcotics conspiracy, and five years' imprisonment, to be served consecutively, for using a firearm in connection with that conspiracy. That sentence was the mandatory minimum applicable to his offenses. His projected release date is about fifty-one-and-a-half months away.

A sentence reduction may be considered only if Defendant has exhausted his administrative remedies, meaning he must have applied to the Warden of his facility and waited at least thirty days for a response. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant's application to his Warden is dated February 17, 2021, and the instant motion was filed on March 1, 2021, so Defendant did not exhaust before filing.[2] Accordingly, I am without authority to grant a sentence reduction. *See United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *United States v. Roberts*, No. 18-CR-528, 2020 WL 1700032, at *2 (S.D.N.Y. Apr. 8, 2020). That said, thirty days will be March 19, and I will go on to reach the merits on the assumption that the Warden will not grant Defendant's application on or before that date.

---

[2]Defendant's application states, "In or about date [*sic*] Mr. Lucas submitted a request for compassionate release or reduction in sentence to the warden of Hazelton FCI," (Doc. 453 at 3), suggesting that he was working off a form that called for the date of his application to the Warden, but he did not supply that information.

On the merits, the application is denied. Defendant argues that the dangers posed by the corona virus pandemic to those in prison, combined with his medical conditions, present an extraordinary and compelling circumstance. But the conditions to which he points, (*see* Doc. 453 at 3), do not appear on the Centers for Disease Control's list of factors that increase, or even might increase, the risk of a severe case if one were to contract COVID-19. In the absence of evidence of increased risk grounded in medical fact, "pointing to the mere existence COVID-19 either in a prison facility or in society generally is not enough to satisfy the 'extraordinary and compelling reasons' requirement of 18 U.S.C. § 3582(c)(1)(A)." *United States v. Davis*, No. 14-CR-296, 2020 WL 5628041, at *3 (S.D.N.Y. Sept. 21, 2020) (internal quotation marks omitted) (collecting cases) ; *see United States v. Otrosinka*, No. 12-CR-300, 2020 WL 5628060, at *4 (W.D.N.Y. Sept. 21, 2020) ("generalized fear" of contracting COVID-19 does not constitute extraordinary and compelling reason justifying release) (collecting cases). Nor do the conditions implemented during the pandemic elevate Defendant's situation to that level. I do not mean to minimize the difficulty that the pandemic has caused for inmates (or those on the outside, for that matter), but those universal conditions do not give rise to extraordinary and compelling circumstances. *See United States v. Pinto-Thomaz*, 454 F. Supp. 3d 327, 331 (S.D.N.Y. 2020). Further, fortunately, FCI Hazelton, where Defendant is incarcerated, currently has only four inmate cases, according to the Bureau of Prisons website. This is down from a peak of ninety-nine at the end of last year, according to the Department of Justice Office of Inspector General COVID-19 Dashboard.[3] For these reasons, Defendant has not shown extraordinary and compelling circumstances.

---

[3] One hundred forty-six FCI Hazelton inmates have recovered and, sadly, one has died, during the pandemic.

Even if he had, they would be outweighed by the § 3553(a) factors. The instant conviction was Defendant's fourth (following two drug felonies that did not count toward his criminal history and a felony assault). He was a member of a violent street gang, dealt large quantities of crack and marijuana, possessed a loaded firearm in furtherance of the gang's activities, and participated in a shooting. While he has taken classes and participated in programs in prison, which is to his credit, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C.A. § 994(t). While I may consider it in combination with other factors in determining whether there are extraordinary and compelling reasons for a sentence reduction, *see United States v. Torres*, 464 F. Supp. 3d 651, 661 (S.D.N.Y. 2020); *see also Brooker*, 976 F.3d at 237-38 ("The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'") (quoting 28 U.S.C. § 994(t)) (emphasis in *Brooker*), I do not find that the combination of circumstances here rises to that level. Making good use of one's time in prison is not uncommon, and indeed is expected. *See United States v. Alvarez*, No. 89-CR-229, 2020 WL 4904586, at *7 (E.D.N.Y. Aug. 20, 2020). Moreover, Defendant's disciplinary history in prison includes a "4 on 1 assault" in 2014, drug possession in 2019, and possession of an unauthorized item in 2020.

Cutting Defendant's sentence by almost a third would undermine several purposes of sentencing. It would not reflect the seriousness of the offense or account for Defendant's repeated violations of law. It would not further respect for the law or amount to just punishment. It would introduce unwarranted sentencing disparities. And, unfortunately, Defendant's record presents a genuine concern for protection of the public. Accordingly, even if the application

were properly exhausted and even if there were extraordinary and compelling circumstances, the § 3553(a) factors would outweigh them.

For the reasons stated above, the motion is denied. The Clerk of Court is respectfully directed to terminate Doc. 453 and to send a copy of this Order to Terell Lucas, No. 65605-054, FCI Hazelton, Federal Correctional Institution, P.O. Box 5000, Bruceton Mills, WV 26525.

Dated: March 15, 2021
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.