UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                          ORDER

TERRELL LUCAS,                   No. 11-CR-629-8 (CS)

                Defendant.
------------------------------------------------------x

Seibel, J.

Before the Court is Defendant Terrell Lucas's renewed motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (ECF No. 477), and the Government's opposition thereto, (ECF No. 478).

On November 2, 2012, Defendant was sentenced principally to 180 months' imprisonment, the mandatory minimum applicable to his offenses. (ECF No. 189.) He was sentenced to ten years for narcotics conspiracy and five years, to run consecutively, for using and carrying a firearm in connection with the narcotics conspiracy. (*Id.*) At his sentencing, the Government, defense counsel and the Court were all aware that he had completed a 30-month prison sentence on state charges that were part of the conduct for which he was indicted federally. (ECF No. 187 at 6-11.) I did not think I was at liberty to give Mr. Lucas credit toward his federal sentence for that time, and the Second Circuit agreed. *See United States v. Lucas*, 745 F.3d 626 (2d Cir. 2014).

A court may modify a defendant's sentence upon a motion of either the Director of the Bureau of Prisons ("BOP") or the defendant, but in the latter case only "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  While this exhaustion requirement is not jurisdictional, it is a a mandatory claim-processing rule "that must be strictly enforced when properly invoked."  *United States v. Board*, No. 16-CV-3259, 2022 WL 2079742, at *6 (E.D.N.Y. June 9, 2022).

If a motion under 18 U.S.C. § 3582(c)(1)(A) is exhausted, I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission.  Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the  defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the  defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.  But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion."  *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).  "[A] mandatory minimum sentence does not preclude a district court from reducing a term of imprisonment on a motion for compassionate release."  *United States v. Halvon*, 26 F.4th 566, 570 (2d Cir. 2022).  "The defendant bears the burden of showing that the circumstances warrant a sentence reduction." *United States v. Jacques*, No. 20-3276, 2022 WL 894695, at *1 (2d Cir. Mar. 28, 2022) (summary order).

Defendant first moved under 18 U.S.C. § 3582(c)(1)(A) on March 1, 2021, (ECF No. 453), and I denied the motion because his application, which focused on generalized fears regarding COVID-19, had not shown extraordinary and compelling circumstances, and because cutting Defendant's sentence by almost one third would undermine the purposes of sentencing set forth in § 3553(a), (ECF No. 456). He filed a second motion on September 15, 2021, arguing that a reduction was justified by his youth at the time of the offenses; his lack of a father figure; the conditions in prison as a result of COVID-19; his maturing, insight, remorse and rehabilitation; and the fact that he had served 30 months in state prison for conduct subsumed within the federal charges. (ECF No. 460.) I again denied the motion, without prejudice to renewal. (ECF No. 463.) I noted that Defendant had a made a much stronger showing than in his original application, that I had been troubled by my inability to give him credit for the 30 months served in state prison, and that he might well have shown extraordinary and compelling circumstances, but that the § 3553(a) factors still gave me pause, particularly in light of his prison disciplinary history. (*Id.*) I invited another motion in a year, in hopes of seeing good behavior and continued acceptance of responsibility. (*Id.*) Defendant corresponded with the Court during that year, (ECF Nos. 464, 466, 469, 475), and I construed his latest letter, (ECF No. 476), as the renewed motion, (ECF No. 477).

The Government first argues that Defendant has not exhausted his administrative remedies because he did not reapply to the warden after his previous motion was denied without prejudice. It cites no authority for the proposition that a new application to the warden is required for renewed motions, let alone in the circumstances here. While some courts have suggested that a new application to the warden is required for each motion, *see United States v. Padilla*, No.18-CR-454, 2021 WL 242463, at *2 (S.D.N.Y. Jan. 25, 2021), others have found

3

that step necessary where the motion raises a different ground than the previous one, *see United States v. Nwankwo*, No. 12-CR-31, 2020 WL 7335287, at *1 (S.D.N.Y. Dec. 14, 2020), and thus a second warden application is not necessary where the motion is essentially one for reconsideration, *see United States v. Daugerdas*, No. 09-CR-581, 2020 WL 4931988, at *1 n.1 (S.D.N.Y. Aug. 18, 2020).  The reasoning of the latter cases  applies here, as the renewed motion relies on the same grounds previously advanced.  Indeed, that reasoning applies with perhaps even greater force in this case because the previous motion – which the Government did not contend was not properly exhausted – was denied without prejudice and the Court specifically invited its renewal.  Accordingly, I turn to the merits.

Most of the factors to which Defendant points are, sadly, not out of the ordinary.  Many prisoners are young, lacked youthful guidance, have suffered difficult conditions due to COVID-19, and mature as they serve a long sentence.  Those factors are not irrelevant, *see United States v. Torres*, 464 F. Supp. 3d 651, 661 (S.D.N.Y. 2020) (court may consider rehabilitation in combination with other factors in determining whether there are extraordinary and compelling reasons for sentence reduction); *see also Brooker*, 976 F.3d at 237-38 ("The only statutory limit on what a court may consider to be extraordinary and compelling  is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'") (quoting 28 U.S.C. § 994(t)) (emphasis in *Brooker*), but what really makes Defendant's situation compelling is that, in addition to these other factors, his 180-month sentence was in effect a 210-month sentence, because the court was not able to give him credit for the 30 months he served for conduct embraced by his federal charges.  Had the state sentence not been discharged, I could have done so, but because Defendant completed it while this case was pending, and because he faced mandatory minimums, he essentially was sentenced to that time twice.

4

Accordingly, I conclude that the reasons advanced by Defendant collectively amount to extraordinary and compelling circumstances.

I must still consider the § 3553(a) factors.  The nature and circumstances of the offense were undoubtedly serious.  Defendant was a member of a violent street gang, dealt large quantities of crack and marijuana, possessed a loaded firearm in furtherance of the gang's activities, and participated in a shooting.  His history and circumstances include his two previous felony convictions for drugs and his previous felony conviction for assault.  At the same time, Defendant had a difficult childhood (which he concealed in his presentence interview), has shown insight and maturity in his recent correspondence with the court, and has stayed out of trouble in prison in the last year (or at least the Government has not contended otherwise). While promoting respect for the law and protecting the public from further crimes are always important considerations in gang cases, if Defendant is sincere, his law-breaking days are behind him, and respect for the law will be enhanced if Defendant is given credit for the state time he has already served and thus double punishment is avoided.  Even the federal Sentencing Guidelines approve of giving such credit, *see* U.S.S.G. § 5K2.23, which was only precluded in Defendant's case by the mandatory minimum.  Nor would the reduction result in unwarranted disparities; even the Government acknowledged at sentencing that Defendant's situation was the most sympathetic of all the Defendants', because his state sentence was discharged during the pendency of this case.  (ECF 187 at 6-7.)

Having considered the § 3553(a) factors, I find that the extraordinary and compelling circumstances warrant a sentence reduction.  Defendant's sentence on Count One (narcotics conspiracy) is hereby reduced by thirty (30) months to 90 months, to be followed by 60 months on Count Two (use of firearm), to run consecutively, for a total of 150 months.  The Clerk of

Court is respectfully directed to send a copy of this Order to Terell Lucas, Reg. No. 65605-054,

FCI Hazelton, Federal Correctional Institution, P.O. Box 5000, Bruceton Mills, WV 26525.  The

Government is directed to send a copy of this Order to the Bureau of Prisons and to U.S.

Probation.

Dated:  October 5, 2022
        White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.